IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:22-cr-266-S |
| | § | |
| STEVEN CHRISTOPHER POOLE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order date September 26, 2022, United States District Judge Karen Gren Scholer referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on September 7, 2022 [Dkt. No. 5] and to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 15.

Defendant Steven Christopher Poole personally appeared in person and through counsel for a final revocation hearing by on October 24, 2022.

After consideration of the filings, Defendant's statement on his own behalf, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

-1-

## Background

Defendant Steven Christopher Poole was sentenced to a sentence of 120 months, followed by a 3-year supervised release term, for the offense of Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g).

Defendant began his term of supervised release on April 19, 2022.

A.    **Alleged Violations**

On September 2, 2022, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following four violations:

**Previous Court Notifications**
On July 18, 2022, a Report on Person Under Supervision was submitted to the Court advising Steven Christopher Poole used and possessed methamphetamines in April 2022, and June 2022, used and possessed marijuana in April 2022, and failed to submit multiple urine samples as directed in May 2022, June 2022, and July 2022. At that time, the U.S. Probation Office recommended no Court action and Mr. Poole be allowed an opportunity to participate in substance abuse treatment. The Court agreed with the recommendation of the probation officer. These violations and additional violations are included in the report below.

**I.**
**Violation of Mandatory Condition 2**
The defendant shall not unlawfully possess a controlled substance.
**Violation of Mandatory Condition 3**
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information  indicates low risk of future substance abuse by the defendant.
**Violation of Standard Condition No. 7**
The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed

by a physician.

**<u>Violation of Additional Condition</u>**

The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision

**<u>Nature of Noncompliance</u>**

Steven Christopher Poole violated these conditions of supervised release by using and possessing amphetamines and marijuana, illegal controlled substances, in or about April 2022. On April 29, 2022, Mr. Poole submitted a urine specimen to the U.S. Probation Office in Dallas, Texas, that tested positive for amphetamines and marijuana. Furthermore, on May 25, 2022, Mr. Poole admitted verbally and in writing to U.S. Probation Officer Stephen Jordan (USPO Jordan) that he used methamphetamine on April 28, 2022, and cannabidiol on April 29, 2022.

Mr. Poole violated these conditions of supervised release by using and possessing amphetamines an illegal controlled substance, in or about June 2022. On June 7, 2022, Mr. Poole submitted a urine specimen to Phoenix Associates Counseling Services (PACS) in Dallas, Texas that tested positive for amphetamines. Furthermore, on July 6, 2022, the national laboratory confirmed the specimen positive for . methamphetamines.

## II.

**<u>Violation of Additional Condition</u>**

The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the Probation Officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered ( copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**<u>Nature of Noncompliance</u>**

Mr. Poole violated this condition of supervised release by failing to attend substance abuse group counseling sessions at PACS on July 5, 2022, July 19, 2022, July 26, 2022, and August 2, 2022.

Mr. Poole violated this condition of supervised release by failing to attend an individual substance abuse counseling session at PACS on July 19, 2022.

Mr. Poole violated this condition of supervised release by failing to report to PACS to submit urine specimens as instructed on May 18, 2022, June 6, 2022, June 15, 2022, July 12, 2022, July 20, 2022, and July 25, 2022.

## III.

**<u>Violation of Standard Condition No. 2</u>**

The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

**Nature of Noncompliance**

Mr. Poole violated this condition of supervised release by failing to report to the U.S. Probation Office as directed.

On July 13, 2022, USPO Jordan spoke to Mr. Poole via telephone. Mr. Poole was instructed to report to the U.S. Probation Office in Dallas, Texas on Monday, July 18, 2022, at 1:00 p.m. Mr. Poole failed to report to the probation office as instructed. On July 18, 2022, at 7:59 p.m., USPO Jordan received a voicemail from Mr. Poole stating he could not make it to the office because his friend had a flat tire.

On July 20, 2022, USPO Jordan spoke with Mr. Poole via telephone. Mr. Poole was instructed to report to the U.S. Probation Office in Dallas, Texas on Thursday, July 21, 2022, at 2:00 p.m. Mr. Poole failed to report to the probation office as instructed.

On July 26, 2022, USPO Jordan spoke to Mr. Poole via telephone. Mr. Poole agreed to report to the U.S. Probation Office in Dallas, Texas on Monday August 1, 2022, at 10:00 a.m.; however, Mr. Poole failed to report to the probation office as instructed.

## IV.

**Violation of Standard Condition No. 6**

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Nature of Noncompliance**

Mr. Poole violated this condition of supervised release by failing to report a change in address. On July 13, 2022, USPO Jordan received a call from Mr. Poole's father, Steve Paredes. He advised Mr. Poole had been kicked out of their residence. Mr. Paredes denied knowing where Mr. Poole went after he left the residence nor his new address. That same day, USPO Jordan called Mr. Poole and he admitted being kicked out of his parents' home. He denied knowing where he was going to live. He was instructed to call USPO Jordan back that evening to disclose where he was staying. Mr. Poole failed to call back that evening to provide his address. As of this date, Mr. Poole has not provided his current address and his whereabouts are unknown.

## Personal History

Mr. Poole began his term of supervised release in the Northern District of Texas, Dallas Division on April 19, 2022. During the onset of supervision, Mr. Poole was residing at his parents' residence in Balch Springs, Texas. While on supervision, he provided proof of employment with a Burger King in Dallas, Texas.

On April 29, 2022, Mr. Poole reported to the U.S. Probation Office in Dallas, Texas, and completed an initial intake interview with USPO Jordan.

Mr. Poole was enrolled in a random drug testing program and a substance abuse treatment program. He was also referred for a mental health evaluation at Centro de mi Salud in Dallas, Texas.

On May 17, 2022, USPO Jordan called Mr. Poole regarding his positive drug test from April 29, 2022. Mr. Poole admitted to using methamphetamine and a product with cannabidiol in it a few days after his release from the Bureau of Prisons. On May 24, 2022, Mr. Poole reported to the U.S. Probation Office and met with USPO Jordan to sign an admission of drug use forms for using methamphetamines and cannabidiol products. Mr. Poole was advised his substance abuse treatment and random drug testing would both be increased. USPO Jordan used Staff Training Aimed at Reducing Re-Arrest (ST ARR) during this meeting by teaching Mr. Poole the Cognitive Model.

On June 11, 2022, USPO Jordan attempted an unannounced home visit and Mr. Poole's mother advised she and her husband kicked Mr. Poole out of their home the previous night after Mr. Poole got into an altercation with his father. Later that day, Mr. Poole called USPO Jordan and advised he moved in with a friend after a "misunderstanding," with his parents. He stated he could not remember the address but agreed to provide the address to USPO Jordan when he returned home. He failed to provide an address for that residence.

On June 14, 2022, USPO Jordan received a phone call from Mr. Poole stating he was no longer residing with his friend; however, he provided a different address with a childhood friend. USPO Jordan made multiple unsuccessful phone calls to Mr. Poole's childhood friend to discuss Mr. Poole's living arrangements and to verify the address. The new address was never verified by USPO Jordan.

On June 16, 2022, USPO Jordan called Mr. Poole who advised his parents agreed to allow him to return to their home.

On July 13, 2022, USPO Jordan received a call from Mr. Poole's father who advise Mr. Poole had once again been kicked out of their home. USPO Jordan spoke with Mr. Poole who admitted his father kicked him out of the house after an argument they had with each other. Mr. Poole denied knowing where he was going to stay but stated he would find a hotel. USPO Jordan instructed him to call later that day and provide an update on where he was staying. Mr. Poole also agreed to report to the U.S. Probation Office on Monday, July 18, 2022. Mr. Poole failed to provide an update later that day as instructed.

Mr. Poole failed to report to the U.S. Probation Office as instructed on July 18, 2022, July 21, 2022, and August 1, 2022, . The last successful contact USPO Jordan had with Mr. Poole was July 28, 2022, via telephone. All attempted calls since then have been unsuccessful. Mr. Poole has failed to return any phone calls to USPO Jordan. At this time, Mr. Poole's current whereabouts are unknown.

Dkt. No. 5 at 1-4.

On September 7, 2022, Judge Scholer signed the petition and issued a warrant for Defendant. *See id.* at 6; Dkt. No. 5. Defendant made his initial appearance on September 23, 2022. *See* Dkt. No. 9. He was ordered detained pending a final revocation hearing. *See* Dkt. No. 14.

On September 23, 2022, the USPO submitted an addendum to the Petition (First Addendum), alleging the following:

> Since the Protect Act Supervised Release Petition for Person Under Supervision was filed on September 7, 2022, Steven Christopher Poole has further violated his conditions of supervised release with regards to the previously noted violations in Allegation II, as well as new violations as follows:

## II.

### Violation of Additional Condition

> The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the Probation Officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

### Nature of Noncompliance

> Mr. Poole violated this condition of supervised release by failing to attend substance abuse group counseling sessions at Phoenix Associates Counseling Services (PACS), in Dallas, Texas on August 9, 2022, August 16, 2022, August 23, 2022, August 31, 2022, and September 6, 2022.

> Mr. Poole violated this condition of supervised release by failing to report to PACS to submit urine specimens as instructed on August 17, 2022, August 23, 2022, August 30, 2022, and September 6, 2022.

**V.**

**Violation of Mandatory Condition No. 1**

The defendant shall not commit another federal, state, or local crime during the term of supervision.

**Nature of Noncompliance**

On September 9, 2022, in Balch Springs, Texas, Mr. Poole violated this condition of supervised release when he gave law enforcement officers a false name as evidenced by his arrest by Balch Springs Police Department (BSPD) for Failure to Identify Giving False/Fictitious Info - Impersonation (MB), in violation of Texas Penal Code 38.02(c)(2), a Class B misdemeanor.

According to BSPD's arrest report number 22-200637, BSPD Officers observed two subjects walking on the wrong side of the road and approached them. One subject identified himself as Steven Paredas and provided a copy of his identification card and social security number. A check of the social security number through Balch Springs Communications revealed his true name to be Steven Poole. Mr. Poole was arrested for using a false name and transported to the BSPD without incident. Mr. Poole is currently in the custody of the Dallas County Jail.

*The additional violation conduct DOES NOT affect the Statutory Provisions or Chapter 7 Violation Computations previously reported.*

Dkt. No. 16 at 1-2.

Judge Scholer ordered on September 26, 2022 that the addendum be filed and that "[t]he additional violation(s) violation(s) be added to the Probation Form 12C order filed on September 7, 2022." *Id.* at 2.

On October 18, 2022, the USPO submitted an addendum to the Petition (Second Addendum), alleging the following:

Since the Protect Act Supervised Release Petition for Person Under Supervision was filed on September 7, 2022, the probation officer became aware of the following new violation conduct by Steven Christopher Poole per Balch Springs Police Department (BSPD). On August 30, 2022, U.S. Probation Officer Stephen Jordan (USPO Jordan) was contacted Steven Paredes, Mr.

Poole's father, and advised that criminal charges, specifically, Burglary of Habitation had been filed against Mr. Poole. USPO Jordan received the incident report from the BSPD on October 11, 2022.

According to BSPD's incident report, on August 25, 2022, BSPD officers were dispatched to a residence in Balch Springs, Dallas County, Texas 75180 in reference to a burglary in progress. The caller, Steve Paredes, advised officers that he observed Mr. Poole via an alert received by Ring, a surveillance camera system, enter his residence without permission. Upon arrival to the residence, BSPD officers searched the residence and were unable to locate any persons onsite. Subsequently, Mr. Paredes arrived at the residence and informed officers that Mr. Poole had been kicked out of his residence due to Mr. Poole's drug use. Later in the day, Mr. Paredes contacted BSPD and reported several items were missing from his home including rings, a pendant, and earrings. Mr. Poole has not been arrested for this offense as he has been in the custody of the U.S. Marshals Service since September 21, 2021.

This case remains pending.

***The additional violation conduct DOES NOT affect the Statutory Provisions and Chapter 7 Violation Computations previously reported.***

Dkt. No. 21 at 1.

Judge Scholer ordered on October 19, 2022 that the Second Addendum be filed and that "[t]he additional violation(s) violation(s) be added to the Probation Form 12C order filed on September 7, 2022." *Id.* at 2.

### B.   <u>Revocation Hearing</u>

Defendant appeared with counsel for a final revocation hearing on October 24, 2022. After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and the addenda and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant agreed to – and did – plead true to the alleged violations numbered I through IV in the Petition and numbered II and V in the First Addendum. The parties

agreed, and ask the Court, not to proceed with the allegations in the Second Addendum regarding an ongoing state court matter.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate punishment on revocation for these violations. Defendant's counsel argued for a sentence at the low end of the advisory range of 8 to 14 months, with no additional term of supervised release, and asked the Court to consider (if appropriate) recommending that the BOP consider early release to a halfway house. The government urged that Defendant be revoked and sentenced within the recommended 8- to 14-month range, with no additional term of supervised release. Defendant himself took responsibility for his actions.

At the conclusion of the hearing, the undersigned orally recommended that Judge Scholer accept Defendant's pleas of true to the alleged violations numbered I through IV in the Petition and II and V in the First Addendum, that Judge Scholer find that Defendant violated his supervised release conditions as alleged in the Petition, that Defendant's term of supervised release be revoked, and that Defendant be sentenced to an additional term of imprisonment of 8 months, with no additional term of supervised release and with credit for any time served. And Defendant was advised of his right to object to these recommendations to Judge Scholer.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
***
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public from further crimes of the defendant; and
     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
***
(4) the kinds of sentence and the sentencing range established for--
     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
          (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
          (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
     (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action

against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I through IV in the Petition and II and V in the First Addendum, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violations include possession of a controlled substance and refusal to comply with drug testing, the Court should not, in its discretion, apply this exception, after having already allowed Defendant to remain on supervision with substance abuse treatment despite early violations. Rather, after considering the relevant factors identified in 18 U.S.C. § 3583(e) that are set forth in 18 U.S.C. § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition, the statutory maximum term of incarceration on revocation of Defendant's supervised release is 2 years. *See* Dkt. No. 5 at 5 (citing 18 U.S.C. § 3583(e)(3)). Based on the allegations to which Defendant pleaded true, he is subject to a violation grade of C and a criminal history category of VI, and the resulting range of imprisonment under United States Sentencing Guideline (USSG)

-12-

§ 7B1.4(a) is 8-14 months. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 5 at 5 (citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See* Dkt. No. 5 at 5.

A sentence of 8 months with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). While on supervision, Defendant has continued to use illegal controlled substances and failed to report for his substance abuse treatment. At the beginning of his term of supervised release, Defendant immediately tested positive for the use of methamphetamines and admitted to using methamphetamines on multiple occasions. He has failed to comply with his outpatient drug treatment and moved from his approved residence without permission multiple times and stopped communicating with his supervising probation officer in late July 2022. An 8-month term of imprisonment is appropriate to protect the public and assist Defendant with learning from and avoiding further dangerous, illegal, and problematic behavior in the future.

And the undersigned finds that an additional term of supervised release is not part of the appropriate sentence that is sufficient, but not greater than necessary, to

comply with the purposes of sentencing applicable in this context. But it is premature (assuming it may even otherwise be appropriate) to recommend that the BOP place Defendant at some point during his term of imprisonment in a residential reentry center ("RRC"), that is, a halfway house, under its statutory authority.

### Recommendation

The Court should accept Defendant Steven Christopher Poole's pleas of true to the alleged violations numbered I through IV in the Petition and II and V in the First Addendum and accept the parties' agreement not to proceed with the allegations in the Second Addendum; should revoke Defendant Steven Christopher Poole's term of supervised release; and should sentence Defendant Steven Christopher Poole to a term of imprisonment of 8 months, with no additional term of supervised release and with credit for any time served. And, as requested by Defendant's counsel, the Court should recommend to the Bureau of Prisons that Defendant be placed in FCI Seagoville or, alternatively, in a facility as close to Dallas as possible.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: October 24, 2022

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE